Next case is 21067, FLFMC v. WHAM-O. Mr. Hurts, good morning. Welcome. Thank you, Your Honor. May it please the Court, Since 1842, there has been a federal statute that has prohibited the false marking of an item with a patent with the intent to deceive the public, and that prohibition has been enforceable by a common informer through the device of a QUITAM action. Although the Court below in this case did not reach the Article II, Section 3, Take Care Question, Appellee WHAM-O is seeking affirmance of the dismissal of a relator's provision is unconstitutional. The United States has intervened to defend the constitutionality of 292B. The issue before this Court is whether the statute permitting the filing of a Section 292B case by a private relator and allowing a common informer to prosecute the case is unconstitutional on its face. I'm a little confused by what precisely the government's position is in this case. You're urging us to decide the constitutional question in this context because there are a lot of cases pending below, so forth. But then, at least like on page 6, and you say this elsewhere too, you suggest that there's been no problem with our intervention here, our main government. We didn't seek to intervene. And you say, we assume for present purposes that the absence of such authority to intervene would present additional constitutional considerations. In other words, those questions aren't presented in this case. So I'm a little, I see some tension between that position. Do you want us to decide the constitutionality even in the absence of some requests by the government to intervene? And if so, do you think you therefore would preserve the right to re-argue the constitutionality question if in some context you're not granted the right to intervene? So we obviously have intervened in the case to defend the constitutionality. When we talk about intervention, we're talking about really intervention on the merits of the false patent marking case itself. We have not done that in this case. What difference does that make? Well, in terms, we're asking about the structure of the statute, whether the statute is constitutional. We have to consider the statute and the way it operates, and it doesn't make any difference whether you sought to intervene in this case or not, does it? Jake, I have a couple of comments with respect to that. I think it does make a difference. At some point, this court, either in this case or another case, is going to be faced with the question of whether this case should be remanded to allow the relator to proceed. WHAMO is taking the position that the case should be affirmed on the grounds that it's unconstitutional. What we've said is the statute, 292 on its face, really doesn't talk about the government at all. It doesn't give the government any particular authorities with respect to the 292B case, but it doesn't prohibit the government from doing anything in particular. That's your position? I would have thought you would say that to the extent that there's a constitutional problem here, we should construe the statute to give the government some authority. Well, we have not explicitly taken that position, in large part because there's a history of QUETAM statutes separate and apart from 292B, a history in this country that includes many statutes similar to 292B, which provides a prohibition and the right of a relator to go forward. And our view is that that long history, some of the statutes being adopted by the very first Congress with the framers, that long history doesn't suggest that those statutes have been unconstitutional since the beginning of the republic. Well, I understand that, but let's suppose we reject the position that leaving the government out of it completely would render the statute unconstitutional. I mean, shouldn't we under those circumstances construe the statute to provide for some government involvement that would render it constitutional? I don't disagree with that. I think that the initial question is whether, in fact, the statute can, you know, on its face, which does not talk about intervention by the government, although this Court, in its rulings, has provided that the government does have the right to intervene, and I think it's perfectly appropriate for the Court to consider that particular provision, because that is a ruling of this Court. With regard to the structural challenges that you mentioned, you know, having regard to Morrison in particular, I think Morrison is a very different case, and I think Morrison is a different case not just on the facts, but really on a very basic premise. Let me ask you a couple of questions about the statute, okay? First of all, what's the government's position as to whether if the government brings a criminal proceeding to collect the penalty, whether a private individual can bring a civil proceeding at the same time? Is your position that the government's bringing the proceeding would foreclose the private individual? No. No? It would not. Why not? Because there are many instances in our jurisprudence where Congress has provided for both a criminal and civil remedy. Now, if the government brought a— At the same time to collect the same penalty? Well, it's not quite the same penalty, because under additional statute, Congress has increased the, quote, criminal penalty for individuals who are convicted of infractions. So, in fact, it bumps up the penalty on the criminal side. But, I mean, if the government brings a criminal proceeding saying there were these violations and we're seeking to collect the penalty, you're saying that at the same time a private individual can sue? It's certainly true if the government brought a criminal proceeding and failed, later probably we would not— Well, but what about at the same time? So, again, I would refer to this Court's—to this Court's Supreme Court's decision in Marcus v. Hess where the government did, in fact, bring a criminal proceeding and the government actually argued, not on constitutional grounds—this was under the False Claims Act—that the relator should not be able to go forward. And the Supreme Court said, no, the relator could go forward, notwithstanding the fact that the government knew about the information. But the proceeding was over with, right? Yes, it was proceeding. And I'm not— But suppose it's not over with? So, I'm not suggesting that the government might not come into the civil proceeding and attempt to exercise what it often does in civil proceedings when they're ongoing criminal proceedings to say—to ask the Court, this should be stayed so it doesn't interfere with the criminal prosecution. But as an absolute matter, whether the relator can actually bring the case, either at the same time or certainly after the criminal case is over, our position would be that, in fact, the relator could do that. So getting back to Morris— I would render the statute unconstitutional. Unconstitutional on the grounds of what, double jeopardy? No, on the ground that the government doesn't have control that's required by the Take Care Clause. It doesn't have control over the relator's proceeding? Well, it doesn't have control to make the initial decision to proceed and thereby preclude a private individual from suing. I mean, it strikes me that what you're doing is you want to win such a resounding victory here that you're not open to a construction of the statute that might give the government greater control and to save it by doing it. No, I'm not opposed to that. I think in the first instance, we are defending it on the ground that on its face, what the trust provides the relator for proceeding and says nothing about the government control, that the statute can be sustained on that basis. And getting to Morrison and some of the cases, the separation of powers cases that suggest the analysis that you're talking about, looking at the government's control, I would suggest that this is a very different case. That the fundamental distinction is all those cases, Morrison, Mistretta, Public Accounting Oversight Board, really work a relatively novel restructuring of the government. There's no question that the independent counsel in Morrison was, quote, part of the government. That's not true of Cuitin. The relator is considered a private individual, not part of the government. What you seem to be suggesting is that in the key, and I understand there's a difference between the two, but what you seem to be suggesting in the key context is that you can have a situation in which the government has absolutely no say over the thing, no right to intervene, no right to bring the first proceeding, and that it's perfectly okay, and there doesn't have to be any government control or involvement at all, potentially or actually. And the history would support that. The history, you know... Well, suppose we conclude it doesn't. What, that the history doesn't support it, or the history is insufficient? Suppose we conclude that that argument, and the history is insufficient, the existence of these few statutes which didn't seem to involve any government control and passed by the first Congress, isn't sufficient to resolve the constitutional question. So, I mean, then obviously we would urge the court to save the constitutionality and look at the controls that the government does have, as we have pointed out in our brief with regard to the right to intervene, the right to object to a settlement once the government has intervened between the... What about construing Section 290 to provide some meaningful notice about what the proceeding is about, so that the government, in the form of the PTO, which is part of the executive branch, gets notice that this is a false claims act statute? Should we construe 290 to require that? I'm not... If that was necessary to save the statute, that would certainly be a possibility. I guess I would point out to the court that there have been efforts made, not necessarily a record in this particular case, but working between the Administrative Office of the U.S. Courts and the PTO to provide a better form of notice. But it seems to me that that doesn't necessarily deal with the basic constitutional question. That really does suggest the amount of resources the executive branch is willing to devote to trying to identify these cases early on. But on your view of the constitutionality, you mentioned before, I think you said that our cases have construed the government as having a right to intervene. Correct. Let's assume that's not the case, that we were not to construe... We would construe the statute as not providing the government a right. There's Rule 25, so you have the opportunity to try to intervene. Correct. But not necessarily a right. Nonetheless, would you say that the statute remains constitutional? Again, what we would say is that the court really doesn't need to reach that question until the government is tempted to get into a case, assert a right, and it has been rejected. I'm not sure I understand how we could do that. That we would leave the door open here and say, we don't have to decide the intervention question because there was no request or denial here. So we're going to say it's tentatively constitutional, but leave the door open in case subsequently the government tries to get in and they can't. I don't understand how we expect... What the court would be holding as constitutional here is that the relator had the right to proceed under this statute and the case should not be dismissed because 292B on its face is unconstitutional. But not to resolve the question about whether or not it requires intervention or in the absence of that it would still be constitutional. You're saying we should just hold that up. It's constitutional based on these facts, but if the government is not entitled to intervene, we'll revisit it at that time. Well, we know we have the Federal Rules of Procedure. It does provide a mechanism for the government to ask the court to be permitted to intervene. I don't think the Take Care Clause has ever been interpreted to mean that the government always has to particularly get its way when it asks the court for a particular result. I mean, there are lots of laws that Congress has passed... That's hardly the question here. I'm sorry? That's not the question. The question is whether the statute should be construed to provide some sort of ability of the government to participate and to control the action. And we have to look at that, even though this isn't a case in which the government sought to intervene. We have to look at the statute to see whether it's constitutional or unconstitutional. And that depends, perhaps, on the degree of government control. I guess I would point this court to the Fifth Circuit's decision in Riley. The en banc court essentially considered that very question about whether it needed to do sort of the Morrison analysis about government controls or whether, in fact, based on the Stevens case, the Vermont Agency Stevens case, that it could essentially justify the constitutionality of the statute, one, based on the history, and two, based on the fact that the relator is not part of the government. And we will think that is initially the correct analysis for this court. It seems to me to be very, very hard to analyze this case and to analyze the extent to which Morrison is relevant to this case without considering the government's, the need for the government to have the opportunity to intervene or participate or exercise some control. It's parsing this issue out, the very point that Judge Prost is making, seems to me to be very, very difficult for us. So, again, our initial argument is that the court doesn't need to do that. We have argued that, in fact, if there is a need to look at controls, that, in fact, there are sufficient controls. What are the controls? The controls are the federal rules do provide the United States to ask court to intervene and if the government does intervene, it has certain authorities in connection with that intervention. It can object to a settlement between the relator and the defendant. But it can't stop a settlement. Well, it has to. Let's assume they settle and the government's entitled to half the amount, but they settle for some amount that's far beneath what the government thinks it should be entitled to. Does it have any relief there, any control over it? Well, again, I guess, again, if the government is in the case, it obviously presents its position to the court. We do think, for example, that under the QUETAM model that exists, that there is some authority for the government, quote, to settle its share of a QUETAM action, even over the relator's action, that that derives from some of the nature of QUETAM. If you look at some of the old cases and treatises, that provides a degree of control. And that if there really is some kind of collusion between the defendant and the relator, that Rule 60B could provide a form of relief to actually set aside something that, you know, a court having to agree with the government is unfair, you know, or inequitable, or other terms of 60B. I think what I'm saying to the court is just because the government has to ask the court for certain relief doesn't in itself violate the Take Care Clause. Well, how's the government supposed to find out about the case if the notice under 290 doesn't require the Patent Office to be told that it's a false marking case? Well, it does require it to tell the Patent Office that it's a patent case. And then, you know, under the current situation, the way the law is, the government would presumably have to devote enough resources to essentially figure out that it's a false marking case. I think you also have to look at a little history here. Why wouldn't you construe 290 to require some sort of meaningful notice as to what kind of case it is? We're not objecting to that construction. If the court feels that that is what's necessary to save the constitutionality, the government wouldn't disagree with it. I can say that I'm in my rebuttal time. Would you like to save your rebuttal time? We'll restore your four minutes. Okay, unless the court has any further questions, I'll save the remainder for rebuttal. All right, let's hear from Mr. Alberdick. Please, the court may move. You have two minutes. Thank you, Your Honor. I'll keep it brief. On behalf of FLFMC, my client, just so we're clear, we do want this court to preserve the constitutionality of the statute. We've talked of history. Let me share a little bit of personal history, individual history, if you will, as noted on page 7 of our brief. To the extent that my client has been involved in these actions and has settled, 3. We have provided notice to Mr. Morris' office. We have actually engaged in that process to include them in the process. So are you suggesting that we should construe what matters is how we construe the statute. Are you suggesting that based on that history, we construe the statute as obligating you to have provided that notice? Your Honors, if you would feel comfortable and preserve the constitutionality on that basis, yes, we would agree. That's what my client has been doing. As a practical matter, I believe a number of the relators in these actions are doing that, as indicated in the publications and what DOJ has indicated by way of their involvement in the process. But at the bottom, Your Honors, we do want to preserve. And we have been willingly participating in a notice to allow for settlements to be reviewed and approved by their office. Briefly, in connection with a separate issue, maybe not as important, but on 9b, there's a request that you also sustain on 9b grounds. As I look at BP products, Your Honor, I see that intent can be inferred if there is knowledge plus continued misrepresentation. I read WEMO's brief to indicate that they had knowledge because of the long duration of expiration of the patents here, over 25 years. They seem to indicate that anyone would know, but at least they would know. And there are two other factors beyond that. I think we've got knowledge, therefore misrepresentation and the inference of intent. But we have a public record showing WEMO's involvement in a number of IP litigation matters, infringement cases. And then finally, we have corporate transactions where due diligence would have given rise to the same level of intent. I see that my time is up, brief as it was. Thank you for listening. Thank you very much. Let's hear from the other side. Let's see. Mr. Dewey, you're going to argue first. Yes. Judge Linden, may it please the Court, with the Court's permission, Mr. Baker will address the Court's questions regarding the government's right or lack of right to intervene as well as the Appointments Clause issue. Turning, Judge Dyke, to your concern about construction of statutes, we have a situation here that I believe is unusual in that if we look at Section 290 in any of the Federal Rules of Civil Procedure, those are not being challenged here. So we can't look to preserving 290 to preserve the constitutionality of 292B. And really, I don't even know how we could do that with 290 and the notice provision there because Section 290 has notice of all patent cases going to the Commissioner and it also has a one-month time period. I've cited examples in the brief of cases that were raised and settled well within that one-month period. So unless we construe a month to... Well, but that sort of suggests that the statute has to be perfect. Maybe it doesn't have to be perfect. Maybe 30 days is good enough. Well, in the cases I mentioned between the Eastern District of Texas and the Northern District of California, those were examples of cases settled within that period. So the government, not only did the government not have any ability to intervene or object to settlements, it was all, again, raised and settled within that time period. Well, perhaps. So coming back to your other point, what case tells us that we can't consider the constitutional question with respect to this statute in the overall environment in which it operates, including 290 and the Federal Rules of Civil Procedure? What case says that those guarantees of intervention, for example, have to be written into the false marking statute itself? I don't necessarily think it has to be in the statute itself. It's just that the long-standing doctrine of construing a statute to preserve its constitutionality, which was at issue in a lot of the False Claims Act cases, that that doesn't apply here because we can't look to 290 or Rules of Civil Procedure to... Maybe we can look to them as being relevant to how 292B operates, but we don't apply... I don't believe there's any authority for using that doctrine of construing to preserve constitutionality when what you're construing is something else. So are you agreeing that if we... Let's say hypothetically that we said government right to intervene is essential to the constitutionality of that statute. If we find that right to intervene in the Federal Rules of Civil Procedure, that's okay. It doesn't have to be in the false marking statute itself. I think I would agree with that, with the provision that we don't bend over backwards with these other rules and statutes of general application. I mean, it could be that there's some set of statutes that provide for all sorts of control mechanisms for all KTAM statutes. And I think I would agree that we could look to that other statutory scheme to provide the kind of controls necessary to preserve constitutionality here. But the problem we have here is none of the rules that are mentioned here provide anything like that level of control. As the Court knows, all of the regional circuits and district courts in other circuits that address the Take Care Clause challenges had to really bend over backwards to preserve the constitutionality of the False Claims Act. They had to make sure that the government had a right to dismiss a false claims case. They had, you can see in the briefs, all sorts of other concerns about the constitutionality of the FCA. Here, we just don't have anything like that. Even if the government could intervene, what can it really do? It can't assert any kind of control over the relator like the government can in a False Claims Act case. It can't dismiss over the relator's objection. It has to go to the court for that. No, but it could suggest to the court that the case is lacking in merit and should be dismissed. But it would have no more power over the court than any amici that might show up to make that same point. And again, I don't see how we could construe Rule 24 and say, well, we're going to construe Rule 24 to provide the government with something beyond what that rule provides. It's just a drool of general application. So, and again, intervention is just the beginning of the problem here. We have the notice problem. We have the fact that the government has no control over the initiation of these cases. No ability to dismiss again, over the objection. Well, then, why couldn't we construe the statute to say if the government proceeds criminally to collect the penalty that the private action has to be stated? I don't know that there would be any way for the court to construe that because 292B is so open-ended and permissive. It just says any person may sue for the penalty and so there's nothing in A or B that would seem to give the court anything to latch a hold of and say that there's any inherent right of the government to stop any private action from proceeding at the same time. Well, I mean, it doesn't seem to me to be unusual to say that you try to reconcile the two sections of the statute and that the purpose of the statute requires avoiding duplicative proceedings if the government has decided to proceed first on its own. I just don't see what language within Section A would provide that, though. I understand the basic idea. I guess construing statutes to avoid constitutional problems doesn't depend on finding explicit language. In fact, that's the whole point of the doctrine is that you construe the statute to avoid the problem without explicit language. If there were explicit language, you wouldn't need to resort to the constitutional canon of construction. Well, yeah, I understand that about explicit language, but usually there's something in a statute you can latch a hold of and say, well, I can't see and hear some kind of implicit right, but I just don't, just thinking offhand of the language of Section A, Subsection A, I can't think of what that would be. But again, even if the government can intervene and Mr. Baker will certainly address that point, you still have enormous control problems here. I believe, just as a practical matter, I'm only aware of one case, the Stauffer case, where the government has intervened and we have something close to 1,000 cases that have been filed into the statute. As a practical matter, the intervention is just not an issue in these cases. This all goes on without the awareness of the government and it's important to keep in mind with the False Claims Act the government actually has rights even where it does not intervene. There is certainly nothing in 292B or A that gives the government any power whatsoever when it does not intervene. The government there, nothing ever happened, no independent counsel was ever appointed unless the government decided, the Attorney General decided that certain conditions were met. The Attorney General had unreviewable discretion not to appoint an independent counsel at that point. You had the independent counsel bound by DOJ guidelines. The independent counsel's scope of authority was determined by the AG's factual findings and the independent counsel was subject to removal. Just nothing like that is present here with the false markings statute. The government seems to want to ignore Morrison and latch a hold of the one circuit court that suggested Morrison was inapplicable but really if you look at the four regional circuits the second sixth ninth and five district courts and other circuits all applied Morrison to the question of whether the false claims act was going to withstand the original case. Notice is a fundamental problem that was not present in Morrison or any of the false claims act cases. These cases appear and disappear before the government is even aware of them. It's common that somebody will file a claim based on one patent and the settlement agreement will be broader than the original case. There's no notice mechanism here. The government can't even find out about the  of the suit, the  of the suit, and the termination of the suit. But of course it's got to have notice. I don't see any way you could possibly construe 290 to provide that kind of notice because there's nothing there about false marking in 290 and there's a very important one month delay there. And again as a practical matter as I cited in the brief, in so many of these cases no notice was ever given. No notice was given in this case. This is no hypothetical question. In this case no 290 notice was filed. And I had other examples of that in the brief as well including the Pequeno case. So I don't think there's any way to preserve this statute by looking at 290 or any of these rules of civil procedure of common application. So if there's no further questions I'll turn it over to  Baker. Thank you, Your Honor. Thank you very much, Mr. Dewey. Mr. Baker? You had seven minutes but your counsel yielded some time so we'll push that up to nine. Doesn't mean you necessarily need to use all that time but you have it. I understand, Your Honor. May it please the Court, Miller, Baker, on behalf of the Chamber of Commerce of the United States of America. The linchpin of the government's argument under the   Federal   Civil Procedure is that it still has an interest in the recovery. What case says that under the Federal Rules of Civil Procedure you don't have a right to intervene where you have  right to share in the recovery? Your Honor, the cases under the Federal Rules are that you have to be able to assert a complaint. The government can't follow a complaint under Section 290B to recover its half of the award. The government's claim here is only to the half of the award. So if we reject that position and the government receives an award, half of that is owed to the government. The government cannot assert a complaint because it is not a person. The Supreme Court reiterated the rule of construction that does not include the sovereign. Because the United States is not a person, it cannot bring its own action under Section 292B. That principle has been recognized for 150 years. The government likes to call   public office. The decision is found at page 140. We hold that these provisions of the act for conducting civil litigation in the courts of the United States for the purpose of enforcing the  laws of the United States. Under the government's logic, the Federal Election Commission that was struck down in Buckley would have been perfectly valid if that function had been outsourced to private relators. So under your theory, all key TAM statutes are unconstitutional under the Appointments Clause? Absolutely not, Your Honor. This is the reason why if you rule for  validating this particular key TAM statute, it will not take down the False Claims Act because the False Claims Act represents the assertion of the government's private or proprietary interests. The government relies on two things. The government simply holds that these individuals were not officers of the United States  they were agents of the United States. In the Altman case, an appraiser of merchandise was held to be an agent  of the government because they possessed an interest by statute in the outcome of the litigation. In this case, we have private relators exercising the function of vindicating the public rights of the United States. Under Article 2, that function can only be exercised by an officer of the United States. Unless there are any other questions, I will yield the time. Thank you very much. Mr. Hertz, you get the final word. Let me touch on a number of points. Again, one of the key distinctions the court has to keep in mind is the distinction between somebody who is acting as the government, which is the case of the independent counsel in